**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

WESTERN STATES OFFICE AND PROFESSIONAL
EMPLOYEES PENSION FUND

      Plaintiff,

vs.

TOTAL WELDING INC.,

      Defendant.

## COMPLAINT

COMES NOW the plaintiff and complains against the defendant as follows:

### Jurisdiction and Venue

1. This is an action by a multi-employer pension plan under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.*, to compel payment of defendant's withdrawal liability. This Court has jurisdiction over the subject matter and the parties to this action pursuant to ERISA § 502(a), (e), and (f), 29 U.S.C. § 1132(a), (e), and (f)), ERISA § 4301(a), (b), and (c) 29 U.S.C. §1451(a), (b), and (c), and 28 U.S.C. §§ 1331 and 1337.

2. Venue in this Court is proper pursuant to ERISA §§ 502(e)(2) and 4301(d), 29 U.S.C. §§ 1132(e)(2) and 1451(d), and 28 U.S.C. § 1391(b), because defendant Total Welding Inc. ("Total Welding") has its office and principal place of business in Littleton, Colorado and the work under the applicable collective bargaining agreements was performed in Colorado.

### Parties

3. The Western States Office And Professional Employees Pension Fund ("the Fund") is an express trust established for the purpose of providing pension and retirement benefits for employees working under collective bargaining agreements and is a multi-employer plan within the meaning of ERISA §§3(37)(A) and 515, 29 U.S.C.

§§ 1002(37)(A) and 1145.

4. The Fund is administered by the Plaintiff Board of Trustees, a joint labor-management board consisting of an equal number of union and management trustees. The trustees are fiduciaries of a multi-employer plan as defined by ERISA § 3(21)(A) and (37)(A), 29 U.S.C. §§ 1002(21)(A) and (37)(A).  The Board of Trustees is the "plan sponsor" of the Fund as defined by ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B).

5. The Fund is governed by and operates pursuant to a written trust agreement with amendments (the "Trust Agreement"). Pursuant to the terms of the Trust Agreement, ERISA § 502(a)(3) and (d)(1), 29 U.S.C. §§ 1132(a)(3) and (d)(1), and ERISA § 4202, 29 U.S.C. § 1382, the Fund has the right, authority, and obligation to commence and prosecute this action.

6. Total Welding is a Colorado corporation with its principal place of business at 9741 Titan Park Circle, Littleton, CO 80125. At all times material herein, Total Welding has been an employer engaged in commerce within the meaning of ERISA §§ 3(5) and 515, 29 U.S.C. §§ 1002(5) and 1145, and Total Welding and its employees have been engaged in an industry affecting commerce, as defined by ERISA § 3(12), 29 U.S.C. § 1002(12).

7. At all times material herein, Total Welding has been a participating employer in the Fund, through collective bargaining agreements with Office and Professional Employees International Union Local #5, AFL/CIO.

**Factual Background**

8. Total Welding first became obligated to contribute to the Fund in or about 2005 and permanently and totally withdrew from the Fund within the meaning of ERISA § 4203(a), 29 U.S.C. § 1383(a).

9. In a demand notice dated February 13, 2015, the Fund informed Total Welding of the fact, and computation, of Total Welding's withdrawal liability, as well as the procedures by which Total Welding could challenge the assessment, and make payments.  A true and correct copy of the withdrawal liability demand notice sent to Total Welding is attached hereto as Plaintiff's Exhibit 1.  A true and correct copy of the Fund's Withdrawal Liability Policy is attached hereto as Plaintiff's Exhibit 2.

10. Total Welding has neither requested review of the Plan's determination as set forth in Exhibit 1, nor made any payment of the liability set out therein.  It has refused and continues to refuse to make payment of the withdrawal liability, and is now liable for the full $136,528 set forth in Exhibit 1, plus interest and liquidated

damages which have accrued and continue to accrue, as set out in Exhibit 1, § 10.2.

**CLAIM FOR RELIEF**

11. Plaintiff incorporates the allegations stated above as if set forth in full.

12. A proper demand for withdrawal liability payments pursuant to ERISA having been made by the Fund upon Total Welding, and Total Welding having failed either to make any payment or in any way to contest the withdrawal liability assessment, the Fund is now entitled to an order compelling Total Welding to make payment in full as set forth below.

WHEREFORE, Plaintiff requests that this Court enter judgment

1. In favor of the Fund and against Total Welding for the demanded withdrawal liability;

2. Liquidated damages and interest pursuant to ERISA and Fund policy;

3. Prejudgment interest;

4. Attorneys' fees and costs as provided by ERISA; and

5. Such other and further relief as deemed just and appropriate by this Court.

Dated this February 2, 2017.

Respectfully submitted,

The Kelman Buescher Firm

/s/ Ellen M. Kelman
/s/ Ashley K. Boothby
Ellen M. Kelman, #10566
Ashley K. Boothby, #46571

Attorneys for Plaintiff
The Kelman Buescher Firm
600 Grant Street, Ste. 450
Denver, CO  80203
Phone: 303-333-7751
Fax: 303-333-7758
ekelman@laborlawdenver.com
aboothby@laborlawdenver.com

Plaintiff's Address:

BeneSys, Inc.
1220 SW Morrison Street, Suite 300,
Portland, OR  97205